**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Herman Louis Jones, | No. CV-23-00585-PHX-ROS |
| Plaintiff, | **ORDER** |
| v. | |
| Local 822 International Union, Security, Police and Fire Professionals of America (SPFPA), | |
| Defendant. | |

Plaintiff Herman Jones filed this action alleging Defendant International Union, Security, Police and Fire Professionals of America breached its duty of fair representation by failing to make sufficient effort to advocate for Plaintiff's reinstatement with his prior employer. (Doc. 10, "FAC"). Defendant seeks dismissal of Plaintiff's claim (Doc. 25, "Mot."), arguing the claim is barred by the applicable statute of limitations. Because the complaint fails to state a claim, Defendant's motion will be granted. The Court will dismiss the complaint without prejudice and with leave to amend.

## I. BACKGROUND

Plaintiff alleges the following relevant facts in the Complaint, filed on August 9, 2023. Plaintiff was discharged by his employer, American Eagle Protective Services Corporation ("AEPS"). FAC ¶ 8. Defendant submitted a grievance to AEPS disputing Plaintiff's discharge pursuant to the collective bargaining agreement between Defendant and AEPS, which resulted in an arbitrator upholding the grievance and finding the

"appropriate remedy is reinstatement of [Plaintiff] to his position, back pay from the date of his discharge and restoration of all benefits." *Id.* at ¶¶ 9–17. AEPS did not reinstate Plaintiff. *Id.* at ¶ 18. Plaintiff alleges Defendant "did not make a sufficient effort to require [AEPS] to abide by" the arbitration award, "allowed [AEPS] to delay reinstating [Plaintiff], providing [Plaintiff] his back pay, and restoring [Plaintiff's] benefits," and "did not challenge [AEPS's] justifications for delay." *Id*. at ¶¶ 22–24. Eventually, AEPS lost its contract and was replaced a new contractor, Fiore Industries, Inc. ("Fiore"), who issued a press release regarding the contract at Plaintiff's employment location on October 7, 2022. *Id.* at ¶¶ 40–43. Plaintiff alleges Defendant did not insist Plaintiff be included on a list of current employees to be provided to Fiore, inform Fiore of the arbitration award, or seek that Fiore reinstate Plaintiff, provide his back pay, or restore his benefits. *Id.* at 45–47.

## II.     MOTION TO DISMISS

A complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted)). If "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint" has not adequately shown the pleader is entitled to relief. *Id.* at 679. Although federal courts ruling on a motion to dismiss "must take all of the factual allegations in the complaint as true," they "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555) (internal quotations omitted).

Defendant moves to dismiss the complaint, arguing Plaintiff's claim is barred by the statute of limitations. Section 10(b) of the National Labor Relations Act sets forth a six-month statute of limitations for unfair labor practice claims. 29 U.S.C. § 160(b); *see also DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 172 (1983) (finding six-month statute of limitations controls breach of duty of fair representation claim). The statute "begins to

run when an employee knows or should know of the alleged breach of duty of fair representation by a union." *Galindo v. Stoody Co.*, 793 F.2d 1502, 1509 (9th Cir. 1986). Though usually pled as an affirmative defense, a "statute of limitations defense is permissibly asserted by Defendants in a motion to dismiss if the running of the statute is apparent on the face of the complaint or in documents outside of the pleadings that the Court is willing to consider." *Wynn v. Nat'l Broad. Co.*, 234 F. Supp. 2d 1067, 1077 (C.D. Cal. 2002) (citing *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980)).

Plaintiff's complaint is silent as to almost all relevant dates, setting forth only one date with specificity: October 7, 2022—the date Fiore issued a press release after replacing AEPS as the contractor. FAC ¶ 43. Defendant's argument centers around a matter outside the pleadings—Plaintiff filing a charge with the National Labor Relations Board ("NLRB") on August 3, 2022 alleging Defendant "breached its duty of fair representation by failing to ensure that AEPS complied with the arbitration award." Mot. at 8–9. Defendant argues this shows Plaintiff was aware of his claim against Defendant by this date at the latest. *Id.* at 9.

Faced with a motion to dismiss, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Federal Rule of Evidence 201 permits a court to judicially notice an adjudicative fact if it is "not subject to reasonable dispute," meaning it is "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "Accordingly, a court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018). Courts may judicially notice records and reports of administrative bodies, including the NLRB. *See, e.g.*, *United States v. Ritchie*, 342 F.3d 903, 909 (9th Cir. 2003); *Avila v. Sheet Metal Workers Loc. Union No. 293*, 400 F. Supp. 3d 1044, 1056 (D. Haw. 2019)

("[C]harges issued by the National Labor Relations Board . . . may be judicially noticed as public records.").

Defendant asserts the Court may take judicial notice of the NLRB charge and consider it in deciding the motion to dismiss. *Id.* at 6–7. Plaintiff does not substantively respond to Defendant's arguments about the NLRB charge, but instead states Defendant "does not provide authority permitting the consideration of the exhibit" and urges the Court not to consider it. Resp. at 7–8. But Defendant's assertion ignores Defendant's citation to no less than four cases from Courts of Appeals for the Third, Fifth, Ninth, and D.C. Circuits stating a court may consider document subject to judicial notice in deciding whether a claim is time-barred on a motion to dismiss. *See* Mot. at 7. The Court will take judicial notice of the fact and date of Plaintiff's August 3, 2022 charge filed with the NLRB.

As Defendant notes in its reply, Plaintiff does not dispute or deny he filed an NLRB charge alleging Defendant "breach[ed] its duty of fair representation by refusing and failing to process a grievance through arbitration enforcement concerning the discharge of [Plaintiff]" in connection with the events at issue here. (Doc. 25-1 at 2). The Court agrees with Defendant that Plaintiff's NLRB charge filing on or about August 3, 2022 demonstrates he had knowledge of his claim against Defendant and the claim had accrued by this date at the latest.

Plaintiff ignores the NLRB charge and asserts he "could not have known that [AEPS] would no longer be the contractor at the FAA facility in Phoenix until October 7, 2022," when Fiore issued its press release. Resp. at 5. Plaintiff's theory seems to be that his claim did not accrue until he became aware Defendant was no longer able to insist on Plaintiff's reinstatement with AEPS or inclusion on a list of current employees to be provided to Fiore. *See id.* But, as Defendant argues in its reply, Plaintiff has demonstrated knowledge of his claim before October 7, 2022 and his theory of claim accrual would render the six-month limitations period virtually meaningless and subject to reset through any number of events, such as a new contractor replacing Fiore in the future. *See* Reply at 4–5. The Court cannot accept Plaintiff's theory. The Court finds Plaintiff's claim accrued

no later than August 3, 2022, rendering his August 9, 2023 complaint in this matter outside the six-month statute of limitations. Plaintiff's claim is time-barred and Defendant's motion will be granted, but Plaintiff will be given leave to amend to plead additional facts that would support finding Plaintiff's claim timely.

Accordingly,

**IT IS ORDERED** Defendant's Motion to Dismiss (Doc. 25) is **GRANTED**. Plaintiff's complaint (Doc. 10) is **DISMISSED WITH LEAVE TO AMEND.** If Plaintiff amends, he must file an amended complaint within fourteen days of this Order and Defendant shall respond to it by the deadline required by the Federal Rules of Civil Procedure. If Plaintiff does not amend, no later than fourteen days of this Order Plaintiff must file a statement setting forth that no amendment will be filed.

Dated this 3rd day of June, 2024.

Honorable Roslyn O. Silver
Senior United States District Judge